UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID WILBANKS, #02086969 | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-921-SDJ |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge (the "Report"), this matter having been referred to the magistrate judge per 28 U.S.C. § 636. On November 17, 2022, the magistrate judge entered proposed findings of fact and recommendations contained in the Report. (Dkt. #17). The Report recommends that the Court deny the above-styled petition filed under 28 U.S.C. § 2254, (Dkt. #1), that the case be dismissed with prejudice, and that a certificate of appealability be denied.

Petitioner David Wilbanks filed objections to the Report ("Objections"), (Dkt. #22). The Court has reviewed Wilbanks's Objections de novo and is of the opinion that the findings and conclusions of the magistrate judge are correct and should be adopted by this Court.

**I. BACKGROUND**

Wilbanks was convicted of sexual assault and continuous sexual abuse of a child. Appellant. *Wilbanks v. State*, No. 02-16-00305-CR, 2018 WL 472907, at *1 (Tex. App.—Fort Worth Jan. 18, 2018, pet. ref'd). The facts underlying the jury's verdict relate to Wilbanks repeatedly performing sexual acts with a fourteen-year-old girl

who had lived with Wilbanks periodically. *Id.* The girl disclosed to a friend's mother that Wilbanks had begun fondling her when she was six years old. *Id.* The friend's mother encouraged the girl to tell her own mother, who called the police. *Id.* The investigation revealed that Wilbanks had digitally penetrated her at six years old and had been having intercourse with her from the age of eight or nine until she was fourteen. *Id.* Wilbanks was convicted of continuous sexual abuse of the girl before she turned fourteen and sexually assaulting her when she was younger than seventeen, in violation of Texas Penal Code §§ 21.11(a)(2), 22.011(a)(2)(C). Wilbanks was sentenced to fifty years in prison for the former and twenty years for the latter. *Id.*

Wilbanks appealed his conviction, which was affirmed on January 18, 2018. *Id.*; (Dkt. #13-3). He filed a petition for discretionary review ("PDR"), (Dkt. #13-11), which the Texas Court of Criminal Appeals ("TCCA") refused on May 9, 2018 (Dkt. #13-12). Wilbanks now files the instant Petition for Writ of Habeas Corpus, (Dkt. #1).

## II. DISCUSSION

At the outset, Wilbanks argues that this Court should decline to follow the Report because an evidentiary hearing is warranted since "the facts are in dispute." (Dkt. #22 at 3). "[T]he district court need not consider frivolous, conclusive, or general objections." *Matlock v. Kennedy*, No. 6:19-CV-276, 2020 WL 4237374, at *2 (E.D. Tex. June 22, 2020) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Wilbanks has provided the Court with no basis for this objection beyond his general statement that "Petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings." (Dkt. #22 at 3). He identifies no

2

such factual dispute beyond that which was decided at his trial. As such, Wilbanks's general objection is **OVERRULED**.

In Wilbanks's first specific objection, he contends that he "should have been permitted an opportunity to develop the record on his habeas allegations . . . about the performance of his trial counsel." (Dkt. #22 at 3). This is another general allegation precluded by *Battle*. Wilbanks's objection is also belied by the fact that his habeas petition is accompanied by a thirty-page Memorandum of Law and Authorities, (Dkt. #1-1), with at least five of those pages dedicated specifically to developing his allegations about his trial counsel. Thus, the Court finds that Wilbanks was given adequate opportunity to develop the record. Accordingly, Wilbanks's first objection is **OVERRULED**.

Second, Wilbanks objects that the Report did not consider whether an evidentiary hearing could enable him to prove his factual allegations. (Dkt. #22 at 3–4). This is substantially a restatement of Wilbanks's general objection discussed above. In support of his demand for a hearing, Wilbanks cites *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed. 2d 836 (2007), which requires that the Court "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Yet, Wilbanks fails to account for the statutory prohibition of "granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts." *Schriro*, 550 U.S. at 473 n.1 (citing 28 U.S.C. § 2254(e)(2)). Such is the case here. The Report notes that "Petitioner offers no

explanation for not raising an ineffective assistance claim against appellate counsel in his state habeas application." (Dkt. #17 at 26). Accordingly, Wilbanks's second objection is **OVERRULED**.

Third, Wilbanks argues that his third claim, in which he claims the trial court erred by constructively amending the indictment, should not be procedurally barred. (Dkt. #22 at 4). Wilbanks supports this argument by stating that he had no opportunity to offer an excuse for the procedural default. (Dkt. #22 at 4). This objection is also meritless. The Report correctly quotes and applies Fifth Circuit and Supreme Court precedent that explains why the Court cannot consider the instant claim. (Dkt. #17 at 25–26). Indeed, the Report directly addresses Wilbanks's concern that he has not been given an opportunity to explain why he did not raise his ineffective assistance claim. (Dkt. #17 at 26) ("[A] claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (citations omitted)) Thus, Wilbanks's third objection is **OVERRULED**.

Fourth, Wilbanks objects that the Report did not address whether he is actually innocent or conduct a hearing to determine if there exists new evidence. (Dkt. #22 at 4). However, as the Report correctly notes, Wilbanks withdrew his actual innocence claim in his reply brief. (Dkt. #16 at 4–5). As such, Wilbanks's fourth objection is **OVERRULED**.

Fifth, Wilbanks objects that the Report did not address whether "it was a violation of due process to convict him for an offense when there is no evidence of his

4

guilt." (Dkt. #22 at 4). As noted above, objections to the Report must be specific, and the Court need not consider frivolous, conclusive, or general objections. *See* FED. R. CIV. P. 72(b)(2); *Matlock*, 2020 WL 4237374, at \*2. Because Wilbanks fails to provide the Court with any argument or analysis supporting this objection, it is inherently conclusory, and thus must be overruled. The Court also notes that Wilbanks's objection rests on his innocence claim that was "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), and thus cannot be granted absent either of the narrow exceptions outlined in the statute—neither of which Wilbanks has established. As such, Wilbanks's fifth and final objection is **OVERRULED**.

### III. CONCLUSION

After de novo review, the Court concludes that Wilbanks's Petition for Writ of Habeas Corpus, (Dkt. #1) should be denied for the reasons stated in the Magistrate Judge's Report.

It is, therefore, **ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. #17), is hereby **ADOPTED** as the decision of this Court. Wilbanks's Objections to the Report, (Dkt. #22), are **OVERRULED**.

It is further **ORDERED** as follows:

As a result of adopting the Report, Defendant's Petition for Writ of Habeas Corpus, (Dkt. #1), is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 6th day of March, 2023.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE